IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WEB 2.0 TECHNOLOGIES, LLC,      :
      :
      Plaintiff,      :
      :      C.A. No. 1:23-CV-00002-MN
      v.      :
      :
HIVE TECHNOLOGY, INC.,      :
      :
      Defendant.      :

**DEFENDANT HIVE TECHNOLOGY, INC.'S MOTION TO DISMISS
AND JOINDER IN MOTIONS TO DISMISS UNDER Fed. R. Civ. P. 12(b)(6)**

Defendant Hive Technology, Inc. ("Hive") respectfully submits this memorandum of law in support of its Fed. R. Civ. P. 12(b)(6) motion to dismiss and joinder in motions to dismiss related actions.   Beginning January 1, 2023, Plaintiff Web 2.0 Technologies LLC ("Web 2.0" or "Plaintiff") has filed approximately twenty actions in this Court asserting infringement by various entities, including Hive Technology, Inc. ("Hive"), of U.S. Patent Nos. 6,845,448 (the "'448 Patent") and 8,117,644 (the "'644 Patent") (collectively, the "Asserted Patents.")   Hive moves to dismiss the complaint with prejudice.   The Complaint (D.I. 1) fails to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) for at least three reasons: (1) the claims of the Asserted Patents are invalid under 35 U.S.C. § 101 and the two-step framework set forth in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216-18 (2014); (2) Web 2.0's allegations of patent infringement impermissibly rest on vague, conclusory allegations of post-expiration conduct; and (3) Web 2.0 fails to – and cannot – adequately allege that Hive had knowledge of the Asserted Patents prior to their termination.

## BACKGROUND

Hive is a software development company focusing on automating and maximizing workflows. Based in New York, Hive was founded by John Furneaux and Eric Typaldos in 2015. Hive focuses on: (1) business applications related to real-time data feedback, analytics, and asset tracking; (2) disparate device integration; and (3) research and development to address broad societal issues, for example, research to prevent heat stroke of children left in cars.

Web 2.0 filed the present lawsuit against Hive on January 1, 2023 (D.I. 1), and served Hive on March 28, 2023. (D.I. 6.) On April 17, 2023, a stipulation was filed to extend the time to answer or otherwise respond to the Complaint until June 19, 2023. (D.I. 7.) A second stipulation was filed on June 19, 2023 to extend the time to answer or otherwise respond to the Complaint until July 19, 2023. (D.I. 8.) As of the date of this filing, the public record reflects that Web 2.0 has filed 17 other related cases in this Court alleging infringement of the Asserted Patents. In 14 of those cases, defendants have filed motions to dismiss per Fed. R. Civ. P. 12(b)(6) for failure to state a claim for patent infringement.

## I.   HIVE JOINS IN THE MOTIONS TO DISMISS UNDER 35 U.S.C. § 101 FILED BY THE DEFENDANTS IN RELATED CASES

The Complaint raises common legal issues as in the related actions. There are no factual or claim construction issues precluding a ruling as a matter of law thereon. Thus, in the interest of efficiency and judicial economy, Hive joins the numerous motions to dismiss defendants filed in the related cases, on the basis that the Asserted Patents fail to claim patent-eligible subject matter under 35 U.S.C. § 101 and *Alice*'s two-step analytical framework. *See* 573 U.S. at 216-18; *see, e.g.*, *Web 2.0 Techs., Inc. v. Workfront Inc.*, 1:23-cv-104-MN (D.I. 8); *Web 2.0 Technologies, LLC v. Accelo, Inc.*, 1:23-cv-1-MN (D.I. 9); *Web 2.0 Techs., LLC v. Freshworks, Inc.*, 1:23-cv-108-MN (D.I. 12); *Web 2.0 Techs., LLC v. ProofHub, LLC*, 1:23-cv-343-MN (D.I. 8); *Web 2.0 Techs., LLC*

*v. RealtimeBoard, Inc.*, 1:23-cv-4-MN (D.I. 9); *Web 2.0 Techs., LLC v. Taskworld Inc.*, 1:23-cv-42-MN (D.I. 11); *Web 2.0 Techs., LLC v. Trello, Inc.*, 1:23-cv-344-MN (D.I. 9); *Web 2.0 Techs., LLC v. WorkZone, LLC*, 1:23-cv-345-MN (D.I. 12); *Web 2.0 Techs., LLC v. Zendesk, Inc.*, 1:23-cv-105-MN (D.I. 12); *Web 2.0 Techs., LLC v. Mango Techs., Inc.*, 1:23-cv-107-MN (D.I. 11); *Web 2.0 Techs., LLC v. Moxtra Inc.*, 1:23-cv-342-MN (D.I. 10).   As did the *Mango* and *Moxtra* defendants, Hive incorporates by reference and joins in the arguments raised in the motions to dismiss filed in the related cases.   Hive submits to the Court's judgments as to the subject matter eligibility in the related cases.   Hive respectfully requests that the Court dismiss this case with prejudice, for the reasons stated herein and in the related motions to dismiss.

## II.   WEB 2.0'S ALLEGATIONS OF PATENT INFRINGEMENT ARE NOT PLAUSIBLE

As in the other related complaints it filed alleging infringement of the Asserted Patents, Web 2.0's Complaint against Hive fails because its allegations of infringement are supported only by bare screenshots of Hive's current website, which are alleged to be current as of December 28, 2022, nearly *two years after the expiration* of the Asserted Patents in January 2020, as both Asserted Patents claim priority to an application filed on January 7, 2000.   The Complaint makes no allegations as to when this alleged infringement occurred or for how long.   Instead, it relies simply on vague and conclusory allegations that Hive "has and continues to directly infringe." (*See, e.g.,* D.I. 1 at ¶20).   Such post-expiration conduct cannot support claims for infringement.

> *Patents endow their holders with certain superpowers, but only for a limited time*. In crafting the patent laws, Congress struck a balance between fostering innovation and ensuring public access to discoveries. While a patent lasts, the patentee possesses exclusive rights to the patented article—rights he may sell or license for royalty payments if he so chooses. See 35 U.S.C. §154(a)(1). *But a patent typically expires 20 years from the day the application for it was filed. See §154(a)(2). And when the patent expires, the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction, passes to the public.*

*See Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 451 (2015); *see also Shoffiett v. Goode*, 2020-1368, 825 Fed. Appx. 824 (Fed. Cir. Sept. 1, 2020) (affirming the dismissal of a complaint alleging patent infringement under Fed. R. Civ. P. 12(b)(6) where the underlying alleged infringement occurred post-expiration.)

Even if the Complaint were construed to have alleged pre-expiration conduct, as in at least one case this Court has previously dismissed, Web 2.0's allegations fail because they make "no attempt to map the accused products onto the limitations of the asserted claims." *See Kajeet, Inc. v. Gryphon Online Safety, Inc.*, No. 19-2370 (MN), 2021 U.S. Dist. LEXIS 37473, at *24 (D. Del. Mar. 1, 2021). As in *Kajeet*, here, "the only allegation that Plaintiff sets forth is a recitation of the activities from 35 U.S.C. § 271(a) purportedly attributable to Gryphon and that the accused products 'practice' or 'embody' the identified claims." *See id.* With or without these screenshots, the allegations are nothing more than *ipse dixit* that Hive infringed the Asserted Patents because Web 2.0 says so. Web 2.0 makes no effort to provide any connection between these screenshots and *any* of the claims or limitations of the Asserted Patents, let alone all of them, as is required by pleading standards.

For example, claim 1 of the '448 Patent, the only claim the Complaint specifically identifies as being allegedly infringed, requires "assigning, by the first party, at least one of a plurality of security levels to each information object at any granularity, thereby enabling access to individually selected portions of the first party's personal information by individual receiving parties." Web 2.0 ignores these requirements, and simply copies and pastes a screenshot from Hive's website, without any attempt to map the accused products to this limitation. Of course, such limitations and claims also underscore Hive and the other defendants' arguments under Section 101 and *Alice* and its progeny, that the claims are directed towards patent-ineligible subject

matter.  Such barebones allegations, which do not even purport to address *all* claims or limitations of the Asserted Patents, without any "attempt to map the accused products onto the limitations of the asserted claims," cannot satisfy the plausibility standard required to plead a claim for patent infringement.

## III.   WEB 2.0'S ALLEGATIONS OF WILLFUL INFRINGEMENT ARE INSUFFICIENTLY PLED

Even assuming, *arguendo*, that Web 2.0's threadbare allegations and bare screenshots could state a claim for infringement, Web 2.0 fails to state a claim for willful infringement because the Asserted Patents are expired, and Web 2.0 cannot plausibly allege that Hive had knowledge of the patents prior to their expiration.  To state a claim for willful infringement, a complaint must make plausible allegations of knowledge of the patent during its term.  As Courts in this District have ruled, this requirement "is not met if plaintiff fails to allege that defendant acquired its knowledge *before* the expiration date of the patent." *See Robocast, Inc. v. YouTube, LLC*, No. 22-304-RGA, 2022 U.S. Dist. LEXIS 205907, at *2 (D. Del. Nov. 14, 2022) (emphasis added).  Moreover, "[a]fter the Supreme Court's decision in *Halo Elecs., Inc. v. Pulse Elecs., Inc*., 579 U.S. 93 (2016) [cleaned up], courts in this district have held that pre-suit knowledge of the asserted patent is not by itself sufficient to support a willful infringement claim." *See id.* at *10.  The Complaint makes no other allegations supporting willfulness.

Here, Web 2.0 only makes vague allegations as to Hive's "knowledge" of the Asserted Patents as of June 15, 2021, when Web 2.0 alleges that it sent a "notice letter" to Hive.  (D.I. 1 at ¶¶ 28, 37, 40.)  The letter is not attached, nor is proof of Hive having received it (and, unlike at least one other defendant in a related case, *Web 2.0 Technologies, LLC v. Moxtra, Inc.*, 1:23-cv-00342-MN (D.I. 11, 11-1, 11-2), Hive does not have a copy of the alleged notice letter.)  Even had

Hive received that letter, it was sent months after the Asserted Patents expired, in January 2020. This is a fatal deficiency that cannot be overcome.

## **CONCLUSION**

For the foregoing reasons, Hive respectfully submits that Web 2.0's Complaint against it should be dismissed with prejudice.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP


*/s/ Samuel T. Hirzel, II*
Dominick T. Gattuso (# 3630)
dgattuso@hegh.law
Samuel T. Hirzel, II (# 4415)
shirzel@hegh.law
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
*Attorneys for Defendant Hive Technology, Inc.*

CO-COUNSEL:

DAVIS+GILBERT LLP
Marc J. Rachman
Sarah Benowich
1675 Broadway
New York, New York 10019
T:  (212) 468-4800
F:  (212) 468-4888
mrachman@dglaw.com
sbenowich@dglaw.com

Dated:  July 19, 2023